UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| CHARLENE BEELER,<br><br>    Plaintiff,<br>v.<br><br>DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING, LLC; and DOES 1-10 inclusive,<br><br>    Defendants. | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

    For this Complaint, the Plaintiff, Charlene Beeler, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and § O.C.G.A. 10-1-399 *et seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Charlene Beeler (hereinafter "Plaintiff") is a natural person who resides in the City of Jackson, County of Butts, State of Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Ditech Financial, LLC f/k/a Green Tree Services, LLC ("Ditech/Green Tree") is a Pennsylvania business entity, with an address of 601 S. 1100 Virginia Drive, Suite 100 A, Fort Washington, Pennsylvania 19034, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Ditech/Green Tree and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Ditech/Green Tree at all times acted by and through one or more of the Agents.

## FACTS

8. In or around August 2014, Defendants called Plaintiff's cellular telephone, number 770-XXX-2222.

9. At all times relevant to this complaint, the Defendants used, controlled, and/or operated "automatic telephone dialing systems" and/or by using an artificial or prerecorded voice.

10. Defendants never had consent to call Plaintiff's cellular phone.

11. Nonetheless, Defendants continued to call Plaintiff's cellular telephone.

12. Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular phone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to

take a call that has been placed by a predictive dialer, the consumer answers that phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does no record the call as having been abandoned." *Id*. Further, the *2015 TCPA Order* (FCC 15-72), the FCC affirmed "that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of consumers."

16. Defendants' telephone systems have some of the earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a recording before Defendants' telephone system would connect her to the next available representative.

17. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Despite Plaintiff never giving permission to call her cell phone and directing Defendants to cease all calls to her cellular telephone once they began, Defendants continued to place automatic telephone calls to Plaintiff's cellular

telephone knowing that it lacked consent to call her number over 100 times. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 277(b)(1).

20. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. The Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II.

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' actions in attempting to collect a debt have taken place in the conduct of consumer acts or practices.

25. Defendants violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-393.

26. Defendants acted intentionally in violating the GFBPA.

27. Plaintiff suffered damages because of Defendants' violations of the GFBPA as described above and to be further established at trial.

28. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

1. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B);

2. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);

3. for an award of costs of litigation and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-390 et seq. against the Defendants; and

4. for such other and further relief as may be just and proper.

- 7 -

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Respectfully submitted,

Dated: February 5th, 2016        **JOSEPH P. MCCLELLAND, LLC**


By: s/Joseph P. McClelland
Joseph P. McClelland, Esq.
Attorney  I.D.#483407
Post Office Box 100
Jackson, Georgia 30233
Telephone:  (770) 775-0938
Facsimile: (770) 775-0938
joseph@jacksonlaws.com
**Attorney for Plaintiff**