IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLENE BEELER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:16-CV-54 (CAR) |
| | : | |
| **DITECH FINANCIAL, LLC f/k/a** | : | |
| **GREEN TREE SERVICING, LLC;** | : | |
| **and DOES 1-10 inclusive,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Charlene Beeler filed this action alleging Defendants Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech") and Does 1-10 (the "Agents") violated both the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.* Currently before the Court is Defendant Ditech's Motion to Dismiss Count II of Plaintiff's Complaint, the FBPA claim, for failure to state a claim upon which relief may be granted. Having considered the Motion, pleadings, and applicable law, Defendant's Motion to Dismiss [Doc. 6] is **DENIED**.

### BACKGROUND

For purposes of this Motion, the Court accepts all factual allegations in Plaintiff's Complaint as true and construes them in the light most favorable to Plaintiff.

In or around August 2014, Defendants used "automatic telephone dialing systems" to call Plaintiff's cellular telephone ("cell phone") number numerous times. Plaintiff never gave Defendants permission to call her cell phone, and once they began she directed them to cease all calls to that number. However, Defendants continued to place automatic calls, resulting in over 100 calls to Plaintiff's cell phone. Additionally, Plaintiff's cell phone service charged her for each incoming call.[1]

Plaintiff alleges Defendants' actions, in attempting to collect a debt, took "place in the conduct of consumer acts and practices."[2] Further, because Defendants continued to place these calls even after being requested to stop, Plaintiff claims the calls were intentional and caused her to suffer damages from the excessive calling and increased service costs.[3] Plaintiff now seeks statutory and treble damages from Defendants, claiming their actions were unlawful acts and practices under the FBPA, as well as a violation of the TCPA.

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[4] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[1] Pl. Compl., [Doc. 1] at paras. 8-12, 18.
[2] *Id.* at para. 24.
[3] *Id.* at paras. 23-27.
[4] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

claim to relief that is plausible on its face.'"[5] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[7]

## DISCUSSION

Defendant Ditech moves to dismiss the FBPA claim for the following reasons: (1) Plaintiff failed to meet the requisite pleading standard on this claim; (2) The FBPA does not apply to already regulated business activity; and (3) Plaintiff failed to allege she met the pre-litigation required for a FBPA claim.  The Court will address each argument in turn.

### I. Failure to State a Claim

First, Defendant contends Plaintiff's claim fails to meet the Rule 8 pleading standard because it does not specify what actions Defendants took to form the basis of a FBPA claim, and Plaintiff now uses subsequent briefing to shore up her deficiencies. However, the Court disagrees.

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[6] *Id.*
[7] *Twombly.*, 550 U.S. at 556.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleading is entitled to relief."[8]  The purpose of this requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[9]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."[10]  The complaint must contain enough factual allegations to "raise a right to relief above the speculative level."[11]  After a review of the entire complaint in the light most favorable to Plaintiff, the Court finds Defendant's conduct could be described as unfair and deceptive business practices used to collect a debt.

The FBPA was created "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade of commerce."[12]  "A violation of the FBPA has three elements: (a) a violation of the Act, (2) causation, and (3) injury."[13]  Additionally, courts have continuously held "collecting a debt incurred during a

---

[8] Fed.R.Civ.P. 8(a)(2).
[9] *Twombly*, 550 U.S. at 554-55 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted) (alteration in original).
[10] *Id*. at 555 (citations omitted) (alteration in original).
[11] *Id*. at 555-56.
[12] O.C.G.A. § 10-1-391(a).
[13] *Jenkins v. BAC Home Loan Servicing, LP*, 822 F.Supp.2d 1369, 1375 (M.D. Ga. 2011) (citing *Zeeman v. Black*, 156 Ga.App 82, 86-87 (1980)).

...
...

consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the FBPA."[14]

Defendant argues the Complaint never states the calls were for the purpose of debt collection, nor does it provide any facts regarding what improper debt collection tactics Defendants used. However, Plaintiff's Complaint states Defendants called Plaintiff over 100 times; Defendants knew they did not have permission to call her cell phone; and Defendants refused to listen to her requests to stop calling. Further, Plaintiff alleges "Defendants' actions in attempting to collect a debt [took] place in the conduct of consumer acts or practices."[15] It is clear the actions Plaintiff refers to are Defendants' excessive calling, and this conduct is the improper debt collection tactic. Moreover, Plaintiff alleges these debt collection calls caused her to suffer damages due to the excessive calling and extra service fees.[16] In its entirety, Plaintiff's Complaint alleges Defendants' excessive calling to collect debt was an unfair and deceptive business practice.[17]

---

[14] *Gilmore v. Account Mgmt., Inc.*, 357 F.App'x 218, 220 (11th Cir. 2009) (per curiam) (quoting *1st Nat'l Collection Agency, Inc. v. Werner*, 288 Ga.App. 457, 431 (2007)).
[15] Pl. Compl., [Doc. 1] at paras. 24.
[16] *Id.* at paras. 19 and 27.
[17] *See Jenkins*, 822 F.Supp.2d at 1375 (FBPA violation "has three elements: (a) a violation of the Act, (2) causation, and (3) injury.")

consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the FBPA."[14]

Defendant argues the Complaint never states the calls were for the purpose of debt collection, nor does it provide any facts regarding what improper debt collection tactics Defendants used. However, Plaintiff's Complaint states Defendants called Plaintiff over 100 times; Defendants knew they did not have permission to call her cell phone; and Defendants refused to listen to her requests to stop calling. Further, Plaintiff alleges "Defendants' actions in attempting to collect a debt [took] place in the conduct of consumer acts or practices."[15] It is clear the actions Plaintiff refers to are Defendants' excessive calling, and this conduct is the improper debt collection tactic. Moreover, Plaintiff alleges these debt collection calls caused her to suffer damages due to the excessive calling and extra service fees.[16] In its entirety, Plaintiff's Complaint alleges Defendants' excessive calling to collect debt was an unfair and deceptive business practice.[17]

---

[14] *Gilmore v. Account Mgmt., Inc.*, 357 F.App'x 218, 220 (11th Cir. 2009) (per curiam) (quoting *1st Nat'l Collection Agency, Inc. v. Werner*, 288 Ga.App. 457, 431 (2007)).
[15] Pl. Compl., [Doc. 1] at paras. 24.
[16] *Id.* at paras. 19 and 27.
[17] *See Jenkins*, 822 F.Supp.2d at 1375 (FBPA violation "has three elements: (a) a violation of the Act, (2) causation, and (3) injury.")

Accordingly, because Plaintiff's complaint contains enough factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" Plaintiff's claim,[18] the Court finds Plaintiff has stated a claim upon which relief can be granted.

## II. Regulated Business Activity

Second, Defendant contends the FBPA claim must be dismissed because Plaintiff's grievance is already regulated by a federal statute, the Telephone Consumer Protection Act ("TCPA"), and the FBPA only applies to unregulated business.  Plaintiff argues the TCPA does not exempt her from bringing an FBPA claim.  The Court agrees.

The FBPA does not apply to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States."[19]  Indeed, the legislature "intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise."[20]

---

[18] *Comer v. J.P. Morgan Chase Bank, N.A.*, No. 4:11-CV-88(CDL), 2011 WL 5878400, at *1 (M.D. Ga. Nov. 23, 2011) (quoting *Twombly*, 550 U.S. at 555); *see also Hart v. Universal Fidelity LP*, No. CIVA 1:06CV2907 GET, 2007 WL 294241, at *3 (N.D. Ga. Jan. 26, 2007) ("After reviewing plaintiff's complaint, in the present posture of the case, it is not possible to determine whether plaintiff's claim under the Georgia FBPA is frivolous, and therefore the court will not dismiss the claim.").
[19] O.C.G.A. § 10-1-396(1).
[20] *Brogdon v. Nat'l Healthcare Corp.*, 103 F.Supp.2d 1322, 1336 (N.D. Ga. 2000) (citing *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 233 Ga.App. 38, 43 (1998)).

Here, Defendant argues the crux of Plaintiff's claim is the frequency of the calls to her cell phone, and the TCPA was enacted to remedy this exact grievance. Therefore, the FBPA does not apply. However, Plaintiff's FBPA claim deals with the abusive methods of debt collection. The TCPA regulates the use of automatic dialers to call cellular telephone numbers, prohibiting their use in the absence of an emergency or prior consent of the party.[21] The TCPA does not regulate collection of debt, nor does it specifically authorize debt collection calls using an automatic dialer.[22] Additionally, Georgia courts have already held debt collection practices can fall under the FBPA when the debt is incurred during a consumer transaction.[23] Accepting Plaintiff's allegations as true, as this Court must, the Court cannot find the TCPA prevents Plaintiff from bringing a FBPA claim.[24]

### III. FBPA's Pre-litigation Requirement

Lastly, Defendant contends the FBPA claim must be dismissed because Plaintiff failed to comply with the FBPA's pre-litigation requirement. The Court disagrees.

---

[21] 47 U.S.C. § 227(b)(1)(A)(iii).
[22] *See In re Taylor*, 292 B.R. 434, 437-38 (Bankr. N.D. Ga. 2002) (both state and federal courts applying the Georgia statute have construed the exemption to cover conduct that is regulated, unless the FBPA or another statute provides otherwise).
[23] *See Werner*, 288 Ga.App. at 431.
[24] The Court also notes Defendant's argument regarding the FDCPA and mortgage transactions. However, at this point, Plaintiff has not alleged a FBPA claim based solely on a FDCPA violation; therefore, this argument fails. *See Zinn v. GMAC Mortgage*, No. 1:05-CV-1747, 2006 WL 418437, at *3-4 (N.D. Ga. Feb. 21, 2006). Additionally, there is no broad exception under the FBPA for resident mortgage transactions. *See Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1303 (11th Cir. 2012). Thus, this argument also fails at this stage. Currently, Plaintiff has described "conduct that could harm the general consuming public and that was not condoned by any statutory or regulatory framework." *Id.*

Under O.C.G.A. § 10-1-399(b), Plaintiff is required to provide a written demand for relief prior to filing any such action.[25]  However, the demand requirements do "not apply if the prospective respondent does not maintain a place of business or does not keep assets within the state."[26]  Here, Plaintiff's Complaint states Defendant's place of business is in Pennsylvania,[27] which Defendant does not dispute.  Further, Defendant does not allege it maintains a place of business in Georgia or that it keeps assets in Georgia.  Therefore, Plaintiff was not required to provide Defendants a written demand before filing her FBPA claim.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss [Doc. 6] is **DENIED**.

**SO ORDERED**, this 1st day of August, 2016.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT COURT JUDGE

CML/ssh

---

[25] O.C.G.A. § 10-1-399(b).
[26] *Id*.
[27] Pl. Compl., [Doc. 1] at para. 5.